2000 OK CIV APP 16

**Mary MAUPIN, formerly Hasty, Plaintiff/Appellee**

v.

**Mark HASTY, Defendant/Appellant**

v.

**No. 91543.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 18, 1999.

Certiorari Denied Nov. 29, 1999.

Charles P. Horton, Altus, Oklahoma, for Plaintiff/Appellee.

Renee Walker Gunkel, Altus, Oklahoma, For Defendant/Appellant.

BUETTNER, P.J.:

¶1 Defendant/Appellant Mark Hasty (Father) appeals from the trial court's order terminating Father's parental rights in the child, T.K.H. Because we find the court erred in relying on 10 O.S.1991 § 9 to terminate Father's parental rights, we reverse and dismiss the case.

¶2 The parties' son, T.K.H., was born during the marriage in December 1990. Father and Mother, Plaintiff/Appellee Mary Maupin, formerly Hasty, were granted a divorce in February 1992. In the divorce decree, Mother was granted custody and Father was granted visitation rights and ordered to pay child support. Mother filed a motion to modify the decree in September 1993. Mother alleged that Father had sexually abused T.K.H. and sought a court order terminating Father's visitation rights. An emergency ex parte order was entered suspending Father's visitation rights. Father's child support obligation was not suspended. Nevertheless, Father stopped paying child support from October 1993 until April 1997.

¶3 Mother filed a petition to terminate parental rights July 30, 1996. Mother based her petition on Father's failure to pay child support for over one year preceding the filing of the petition, and specifically relied on 10 O.S.1991 § 1130. (Now 10 O.S. Supp.1997 § 7006–1.1) The trial court, relying solely on 10 O.S.1991 § 9 [1] ordered the following:

1. Abuse of parental authority/duty by [Father] in regard to T.K.H. Has been established;

2. [Father]'s dominion over the child is terminated with his parental rights;

3. [Father] shall continue paying child support . . . ;

4. This decision moots the mother's Motion to Modify. . . .

¶4 Father's first allegation of error is that 10 O.S.1991 § 9 does not provide authority for one parent to seek the termination of the other parent's parental rights. Father asserts that private actions to terminate parental rights have been abandoned except in the course of an adoption proceeding. According to Father's reasoning, the only time one parent may sue to terminate another parent's rights in a child is when another person is waiting to adopt the child. Title 10 O.S.Supp.1998 § 7006–1.1 provides for termination of parental rights in cases where a child has been adjudicated deprived, delin-

---

1. 10 O.S.1991 § 9 provides:

The abuse of parental authority is the subject of judicial cognizance in a civil action in the district court brought by the child or any grandparent on the child's behalf, or by its relatives within the third degree of consanguinity or affinity, or by the officers of the poor where the child resides or by any foster parent of the child or any person who has been a foster parent of the child; and when the abuse is established, the child may be freed from the dominion of the parent, and the duty of support and education enforced.

quent or in need of supervision. Section 7006–1.1(C) provides that the section shall not apply to adoption proceedings and actions to terminate parental rights which do not involve an adjudication of deprived status.

¶5 Termination of parental rights in adoption cases is governed by 10 O.S.Supp. 1997 § 7505–4.2, part of the Adoption Code. That section provides for circumstances under which a parent's consent to adopt is not required. The instant case does not involve a deprived adjudication or an adoption proceeding. Accordingly, neither § 7006–1.1 nor § 7505–4.2 provides authority for termination of parental rights in this case.

■¶6 Mother relies on *Davis v. Davis*, 1985 OK 85, 708 P.2d 1102. Specifically, Mother notes the following passage from *Davis* as support for her position:

> In a purely private interparental proceeding whether to free a child of a parent's dominion or to effectuate the termination of parental bond, the plaintiff must resort to the remedies provided under either 10 O.S.1981 § 9 or § 60.6(3).[2]

However, the Supreme Court in *Davis* explained that § 9 is merely a recitation of the common law rule that courts could never sever the bond between parent and child. Rather, § 9 indicates that courts may free a child from the parent's dominion (and custody) without terminating parental rights. *Id.* at 1112. In *Davis* the Supreme Court clearly determined that § 9 allows a court to limit parental authority, but does not allow a court to terminate parental rights. We therefore find that the trial court erred in attempting to sever Father's parental rights under the authority of § 9 which allows only a limitation of the parent's authority.

¶7 Further, termination of parental rights under 10 O.S.1991 § 1130 (now 10 O.S.Supp.1997 § 7006–1.1) as sought by Mother in her petition to terminate would have been error according to *Davis*. That section requires that the State seek termination and an adjudication of deprived status, neither of which is present in the instant case.

■ ¶8 Because we find the court erred as a matter of law in terminating parental rights under § 9, we need not address all of Father's other claims. We do note, however, that the trial court held that "[p]arental authority is concomitant with parental duty." According to *Webster*, concomitant means an accompanying or attendant condition, circumstance, or thing. *Webster's Third New International Dictionary*, Unabridged, (1986). Thus, the trial court's statement is true, accompanying parental authority is parental duty. However, it is also clear that authority is not identical to duty and that § 9 only relates to abuse of authority, not neglect of duty. Section 9 provides the remedy of freedom from parental dominion when a parent abuses parental authority. The remedy does not cut off the parental duty of support. We cannot agree that failure to furnish child support, or to reintegrate into T.K.H.'s life (despite an order prohibiting contact), constitutes an abuse of parental authority under § 9.[3].

¶9 Finally, we reject Father's contention that a parent does not have standing to seek redress under § 9. A parent is a relative within the third degree of consanguinity. We will not infer that the Legislature intended to exclude parents from the definition just because grandparents were specifically included.

REVERSED AND DISMISSED.

JOPLIN, J., and JONES, C.J., concur.

---

**2.** Section 60.6 has been renumbered and is now 10 O.S.Supp.1997 § 7505–4.2.

**3.** We note that the trial court did not base its action on any allegations or evidence of sexual abuse by Father. Both parties agree that the trial court advised that it was not considering certain hearsay testimony for the truth of matter asserted, i.e., sexual abuse. Thus we need not address this evidentiary issue.